IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN DOUGLAS ANTHONY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 1:23-cv-67 |
| | ) | |
| **TODD MANGES,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM ORDER

This *pro* se civil action was commenced by Plaintiff Brian Douglas Anthony, an individual previously detained at the Erie County Prison ("ECP") who is seeking redress for the alleged violation of his civil rights. The named Defendants include Erie County Detective Todd Manges, ECP Deputy Warden Gary Seymour, ECP Lieutenant Mark Lindsey, and unspecified John/Jane Doe Defendants who work in the District Attorney's office and the ECP mailroom. Plaintiff appears to be asserting claims for false arrest, malicious prosecution, and violation of his First Amendment and Due Process rights in connection with events that occurred during his confinement at ECP, including the interception of his outgoing mail. Plaintiff's operative pleading is the Amended Complaint at ECF No. 21.

Pending before the Court is the Defendants' motion to dismiss. ECF No. 29. Defendants have argued that the Amended Complaint should be dismissed because: it fails to conform to the requirements of the Federal Rules of Civil Procedure; Plaintiff failed to exhaust his administrative remedies, barring at least some of his claims pursuant to the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a); ECP prison mail restrictions serve a penological interest; the Court should abstain from exercising jurisdiction over Plaintiff's claim under the

1

*Younger* abstention doctrine; probable cause existed for Plaintiff's arrest and prosecution; Plaintiff's claims are barred by the doctrine of qualified immunity; Plaintiff's defamation claims are barred by the statute of limitation; and Plaintiff's demand for a sum certain violates this Court's Local Civil Rule 8.  *See* ECF Nos. 30, 32, 39. The matter has been referred to Chief United States Magistrate Richard A. Lanzillo for pretrial proceedings, in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

On March 5, 2025, Judge Lanzillo filed a Report and Recommendation ("R&R") in which he opined that Defendants' motion should be denied to the extent it is based on an affirmative failure-to-exhaust defense and should be granted to the extent Defendants argue that the Amended Complaint fails to comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. ECF No. [54].  Judge Lanzillo further recommended that the case be dismissed without prejudice and that Plaintiff be provided the opportunity to file an amended complaint that complies with Rule 8 and Rule 10.  *Id.*

Plaintiff's objections to the R&R were due on or before March 24, 2025.  To date, no objections have been received.

Here, after *de novo* review of the operative Amended Complaint and documents in the case, including Defendants' motion to dismiss and all documents related thereto, together with the Report and Recommendation, the following order is entered:

NOW, this 13th day of May, 2025, IT IS ORDERED that the Defendants' motion at ECF No. [29] is DENIED in part and GRANTED in part as follows:

1. the Motion is DENIED insofar as it is predicated on Plaintiff's alleged failure to exhaust his claims under the Prison Litigation Reform Act;

2. the Motion is GRANTED insofar as it is predicated on Plaintiff's failure to comply with the requirements of Federal Rules of Civil Procedure 8 and 10; and

3. the Motion is otherwise DISMISSED without prejudice as moot.

IT IS FURTHER ORDERED the operative Amended Complaint is DISMISSED without prejudice and with leave to file a Second Amended Complaint that conforms to Federal Rules of Civil Procedure 8 and 10, consistent with the standards discussed in more detail in the Chief Magistrate Judge's Report and Recommendation, ECF No. [54].  **Any amended pleading shall be filed within thirty (30) days of the date of this Order.  Plaintiff's failure to amend his pleading within the aforementioned time limit will result in the dismissal of this case with prejudice, and without further notice from the Court.**

IT IS FURTHER ORDERED that the Report and Recommendation of Chief U.S. Magistrate Judge Lanzillo, issued on March 5, 2025, ECF No. [54], is adopted as the opinion of the court.

 

SUSAN PARADISE BAXTER
United States District Judge